UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN FLYNN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-05282 |
| | : | |
| EKIDZCARE, INC. and | : | |
| EPEOPLE HEALTHCARE, INC., | : | |
| Defendants | : | |

**O P I N I O N**
**Defendants' Motion to Dismiss or Transfer, ECF No. 5 – Denied in Part**

**Joseph F. Leeson, Jr.**                                                                                           **August 9, 2019**
**United States District Judge**

## I. INTRODUCTION

Plaintiff Stephen Flynn alleges that his former employers, Defendants eKidz Care, Inc. and ePeople Healthcare, wrongfully terminated him based on his disability. Defendants, relying on a forum selection clause in Flynn's employment contract, move to dismiss the case for improper venue or, in the alternative, to transfer the case to the United States District Court for the Western District of Pennsylvania. Defendants also move to dismiss the punitive damages claims for failure to state a claim. For the reasons set forth below, although the forum selection clause governs the claims raised herein, the clause is permissive, not mandatory, and the public and private interests do not support dismissal or a transfer. The motion to dismiss the case or, in the alternative, to transfer the case is denied. At this early stage of the proceedings, the motion to dismiss the punitive damages claim is denied without prejudice as to the ADA count, but granted as to the PHRA count as a matter of law.

## II. BACKGROUND

The Complaint alleges the following. Flynn did not disclose his seizure disorder to Defendants when he was hired. But, immediately after Flynn began working on or about March 13, 2018, at Defendants' Allentown location, his co-workers observed the physical side effects of his medication. His co-workers repeatedly made comments complaining about his shaking hands and loud typing. Also, Defendants' Office Manager told Flynn almost daily that Defendants did not need anyone in his position. Flynn apologized to his coworkers for his loud typing, explaining that it was due to the medication for his seizure disorder, but the negative commentary did not cease. A few weeks later, on April 9, 2018, Defendants' Human Resources Director advised Flynn that he was being terminated. Defendants purported reasons for his termination, that he "hated his job" and was "actively job searching," were false.

The Complaint raises two claims: (1) a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and (2) a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 ("PHRA"). Each count includes a claim for punitive damages.

Defendants filed a Motion to Dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3), arguing that an employment contract entered between the parties includes a forum selection clause requiring the instant claims to be litigated in Allegheny County, Pennsylvania. Defendants move, in the alternative, to transfer all claims to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Finally, the Motion to Dismiss seeks to dismiss the requests for punitive damages.

Flynn responds that the forum selection clause is inapplicable to the instant claims because the clause only applies to those claims arising "hereunder," meaning from a breach of the contract, or for a violation of the "Confidentiality" and "Non-Competition and Non-

2
080919

Solicitation" portions of the contract. Flynn contends that actions under the ADA and PHRA are not covered by the contract. Next, Flynn asserts that the § 1404(a) interests do not favor transferring the case. Finally, Flynn argues that the allegations in the Complaint support his request for punitive damages under the ADA because Defendants knew of his open and obvious disability and gave false reasons for his termination.[1]

### III. STANDARDS OF REVIEW

#### A. Motion to Dismiss - Rule 12(b)(3)

"In considering a motion to dismiss for improper venue under Rule 12(b)(3), the Court must generally accept as true the allegations in the Complaint, unless contradicted by Defendants' affidavits." *Joe Hand Promotions, Inc. v. Shehadeh*, No. 18-4119, 2019 U.S. Dist. LEXIS 79206, at *4 (E.D. Pa. May 10, 2019). "Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant." *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3d Cir. 2011).

#### B. Motion to Transfer Venue - 28 U.S.C. § 1404(a)

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In ruling on a § 1404(a) motion, the court should consider the following factors:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; (6) the location of books and records; (7) the enforceability of the judgment;

---

[1] Flynn does not specifically oppose the dismissal of the punitive damages claim under the PHRA, apparently conceding that punitive damages are not available under the PHRA.

(8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

*In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)). The first six factors are private interests, while the remaining six are public interests. *See Jumara*, 55 F.3d at 879. "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). *See* 28 U.S.C. § 1404(b) (providing that transfer is in "the discretion of the court"). "The burden of establishing the need for transfer ... rests with the movant." *Jumara*, 55 F.3d at 879-80.

### C. Motion to Dismiss - Rule 12(b)(6)

In rendering a decision on a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to

4
080919

state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.     ANALYSIS**

In a letter dated March 1, 2018, ("Agreement"), Defendants offered Flynn employment starting on March 13, 2018. The Agreement states:

> . . . your employment is subject to the following terms and conditions:
>
> 1. **Duties:** . . .
>
> 2. **Compensation:** . . .
>
> 3. **Confidentiality**: . . .
>
> 4. **Non-Competition and Non-Solicitation**. . . . You further agree that: (i) in the event of breach of this Agreement, the Company shall experience irreparable harm for which monetary damages may be inadequate or incapable of calculation and, therefore, the Company shall be entitled to injunctive relief as well as damages for any violation by you of Paragraph 3 or 4 of this Agreement (which shall survive the termination of this Agreement and your engagement); (ii) Pennsylvania substantive law shall govern this Agreement and its enforcement; *(iii) jurisdiction and venue is proper in any proceeding to enforce rights hereunder filed in any court located in Allegheny County, Pennsylvania;* (iv) in the event that the Company prevails in enforcing Paragraph 3, 4 or 5 of this Agreement, you shall be responsible for the Company's attorneys' fees and costs in obtaining enforcement of these provisions . . . .
>
> 5. **Termination**: . . . Section 3 and 4 hereof shall survive the termination of this Agreement. . . .

Agreement, Mot. to Dismiss Ex. B, ECF No. 5-6 (emphasis added). The forum selection clause is subparagraph 4(iii) of the Agreement. Flynn signed and "accepted" all terms and conditions in the Agreement on March 1, 2018. *See id.*

    **A.     The forum selection clause applies to the ADA and PHRA claims.**

Flynn does not suggest that the forum selection clause is unenforceable; but, he argues that the clause is inapplicable to the instant claims. Flynn asserts that the clause only applies to

claims arising under the Agreement in the event of a breach of the Agreement, and to violations of the "Confidentiality" and "Non-Competition and Non-Solicitation" portions of the Agreement. *See* Resp. 2, ECF No. 6-2.

"A scope-based challenge to the applicability of a forum-selection clause presents a quintessential question of contract interpretation." *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 98 (3d Cir. 2018). "The purpose of contract interpretation is to ascertain and effectuate the objectively manifested intentions of the contracting parties." *Pacitti by Pacitti v. Macy's*, 193 F.3d 766, 773 (3d Cir. 1999). "Whether or not a forum selection clause applies depends on what the specific clause at issue says." *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997). The court must determine whether the text unambiguously states the parties' intentions. *See id.* at 1074. Any ambiguous "contractual provision must be given an interpretation consistent with the dominant purpose of the contract." *Williams v. Metzler*, 132 F.3d 937, 947 (3d Cir. 1997) (internal quotations omitted).

The forum selection clause at issue provides that "jurisdiction and venue is proper in any proceeding to enforce rights hereunder filed in any court located in Allegheny County, Pennsylvania." *See* Agreement ¶ 4(iii). In interpreting the text "enforce rights hereunder," the Court considers the purpose of the Agreement in which this text appears. The first sentence of the Agreement explains that the purpose of the document is to "offer [Flynn] employment with [Defendants]." *See* Agreement 1. The second sentence of the Agreement states "your employment is subject to the following terms and conditions. . . ." *See id.* It is in those "terms and conditions" that the forum selection clause appears. *See id.* at ¶ 4(iii). The terms and conditions also include, *inter alia*, Flynn's "job duties" and the "termination" provisions. Flynn signed and "accepted" all terms and conditions in the Agreement. *See* Agreement 4.

The purpose of the Agreement is to define the employment relationship between Flynn and Defendants. *Cf. Cameron v. X-Ray Prof'l Ass'n*, 2017 U.S. Dist. LEXIS 23789, at *11-12 (D. N.H. Feb. 21, 2017) (distinguishing the "narrow in scope" agreement in *Yevak* from the broad scope of the agreement at issue, which "generally sets forth the conditions of [the plaintiff's] employment, including terms on employment duties, confidential information, and termination," and concluding that the forum selection clause applied to, *inter alia*, the invasion of privacy and wrongful termination claims), *with Yevak v. Nilfisk-Advance, Inc.*, No. 5:15-cv-05709, 2016 U.S. Dist. LEXIS 16720, at *6-9 (E.D. Pa. Feb. 11, 2016) (determining that ADA and PHRA claims were not related to the employment agreement because the text of the agreement stated that it was "designed to protect the Company's Confidential Information, business relationships, and competitive advantage," regarding which the lawsuit had nothing to do with). The forum selection clause, addressing a proper venue to "enforce rights hereunder," therefore applies to the terms and conditions of the parties' employment relationship and the termination thereof. Flynn's argument that the ADA and PHRA claims, which are dependent an employment relationship and allege a wrongful termination, do not arise under the Agreement is therefore rejected. *See id.*; *see also Crescent Int'l, Inc. v. Avatar Cmtys., Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (holding that all claims, even non-contractual theories,[2] that "arise out of the contractual relation and implicate the contract's terms" are subject to the forum selection clause).

---

[2]  The court determined that claims based on the Racketeer Influenced And Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 - 1968, misrepresentations, unfair competition, conversion, fraud, and tortious interference with business relationships, in addition to the breach of the contract claim, were subject to the forum selection clause, which stated that "'any litigation upon any of [the agreement's] terms . . . . shall be maintained' in a state or federal court in Miami, Florida." *See Crescent Int'l, Inc.*, 857 F.2d at 944.

Also unavailing is Flynn's assertion that the forum selection clause only applies to violations of the "Confidentiality" and "Non-Competition and Non-Solicitation" portions of the Agreement. If the parties wanted to limit the application of the forum selection clause to only those portions, they could have. The fact that other clauses in the Agreement include such limitations is evidence that the parties intentionally did not limit application of the forum selection clause. *See Davis v. Deutsche Bank Nat'l Tr. Co.*, No. 16-5382, 2017 U.S. Dist. LEXIS 203886, at *16 (E.D. Pa. Dec. 12, 2017) (holding that under Pennsylvania rules of construction for contracts, the fact that a provision has been incorporated in one particular clause of the contract but not in any other clauses evidences an intention to exclude those provisions not expressly mentioned). Specifically, subparagraph 4(i) references violations of "Paragraphs 3 or 4;" subparagraph 4(iv) discusses enforcement of "Paragraphs 3, 4, or 5;" and subparagraph 4(v) mentions enforcement of "Paragraphs 3, 4, and 5." *See* Agreement at ¶¶ 4(i)-(v). The forum selection clause in subparagraph 4(iii), however, makes no mention of any other portion of the Agreement. That the clause is not limited in scope is further evidenced by the fact that the forum selection clause in subparagraph 4(iii) immediately follows the choice of law provision stating that "Pennsylvania substantive law shall govern this Agreement and its enforcement," clearly referring to the entire Agreement. *See id.* at ¶¶ 4(ii)-(iii). Flynn's argument that the forum selection clause only applies to violations of the "Confidentiality" and "Non-Competition and Non-Solicitation" portions of the Agreement is contrary to Pennsylvania rules of contract construction.[3] *See Davis*, 2017 U.S. Dist. LEXIS 203886, at *16.

---

[3] Although the "Termination" portion of the Agreement is discussed in subparagraphs 4(iv)-(v), Flynn conveniently does not argue that the forum selection clause applies thereto.

Accordingly, the forum selection clause applies to the ADA and PHRA claims raised in this case. Regardless, for the reasons that follow, Defendants' motion to dismiss and/or transfer based on the clause is denied.

> **B.  The public and private interest factors weigh against dismissing and/or transferring this action pursuant to the permissive forum selection clause.**

There is no suggestion apart from the forum selection clause that venue is not proper in this district. *See, e.g.* 28 U.S.C. § 1391(b)(2) (providing that venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Accordingly, the request for dismissal under Rule 12(b)(3) for "improper venue" is denied. *See Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55, 58 (2013) (holding that Rule 12(b)(3) "authorize[s] dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought" and that "[i]f the federal venue statutes establish that suit may be brought in a particular district, a contractual bar cannot render venue in that district 'wrong'").

The Court next considers whether dismissal may be obtained on *forum non conveniens* grounds, *see Atl. Marine Constr. Co.*, 571 U.S. at 60 and 66 n.8 (holding that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," not Rule 12(b)(3), and that "a successful motion under *forum non conveniens* requires dismissal of the case"), or whether the case should be transferred pursuant to § 1404(a). The *forum non conveniens* doctrine and 28 U.S.C. § 1404(a) "entail the same balancing-of-interests standard." *See id.* at 61. These interests have been separated into

"private interest" and "public interest" factors. *Cf. Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947),[4] *with Jumara*, 55 F.3d at 879-80.[5]

"[W]hen parties agree to a [mandatory] forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. . . . As a consequence, a district court may consider arguments about public-interest factors only." *See Atl. Marine Constr. Co.*, 571 U.S. at 60 (stating that public-interests "factors will rarely defeat a transfer motion"). However, if the forum-selection clause is permissive, private-interest factors must also be considered. *See Dawes v. Publish Am. LLLP*, 563 F. App'x 117, 118 (3d Cir. 2014) (explaining that a "permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas [a] mandatory clause . . . dictates an exclusive forum for litigation under the contract" (internal quotations omitted)).

The forum-selection clause at issue here provides that "jurisdiction and venue is proper in any proceeding to enforce rights hereunder filed in any court located in Allegheny County, Pennsylvania." *See* Agreement 4(iii). This clause is permissive, not mandatory, because it does not state that jurisdiction and venue is *only* proper in any court in Allegheny County. *See Wall v. Corona Capital, LLC*, 756 F. App'x 188, 191-92 (3d Cir. 2018) (concluding that the forum

---

[4] The private interest factors in a *forum non conveniens* analysis include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *See Gulf Oil Corp.*, 330 U.S. at 508. The public interest factors in such an analysis include court congestion, the burden of jury duty placed upon the people of a community with no relation to the litigation, local interest in having localized controversies decided at home, and the ability of the court to address problems in conflict of laws that are foreign to itself. *See id.* at 508-09.

[5] *See* Section III(B) herein.

selection clause at issue, which stated: "the parties agree that venue lies in a court of competent jurisdiction in Monmouth County, New Jersey," was permissive because it did not limit venue to *only* a court in Monmouth County). Accordingly, both private-interest and public-interest factors are considered.

### 1. The private-interest factors weigh against dismissal and/or transfer.

Generally, a plaintiff's choice of forum is given great weight and "should rarely be disturbed." *See Piper Aircraft Co.*, 454 U.S. at 241. However, in evaluating the plaintiff's forum preference, the court must also consider any permissive forum selection clauses. *See Gordon v. Houghton Mifflin Harcourt Publ'g Co.*, No. 14-4703, 2015 U.S. Dist. LEXIS 80982, at *11-12 (E.D. Pa. June 23, 2015). While a permissive forum selection clause is not given the significant consideration that would be given to a mandatory clause, *see De Lage Landen Fin. Servs. v. Regan Techs. Corp.*, No. 16-4865, 2016 U.S. Dist. LEXIS 169687, at *2-3 (E.D. Pa. Dec. 7, 2016), it is nevertheless a manifestation of the parties' preferences as to a convenient forum, *see Gordon*, 2015 U.S. Dist. LEXIS 80982, at *12 (citing *Jumara*, 55 F.3d at 879-80). Accordingly, Flynn's choice of forum (this district) is given less weight in light of the forum selection clause providing that venue is also proper in any court in Allegheny County.

Next, "Defendant's preference is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). Nevertheless, Defendants' forum preference as evidenced by the transfer request, which is consistent with the forum selection clause, weighs in favor of dismissal and/or transfer.

The fact that the claims arose at Defendants' Allentown location, which is in this district, weighs against dismissal and/or transfer. *See In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298,

11
080919

2006 U.S. Dist. LEXIS 93931, at *15 (E.D. Pa. Dec. 28, 2006) ("Typically the most appropriate venue is where a majority of events giving rise to the claim arose.").

The convenience of the parties also weighs against dismissal and/or transfer. Flynn lives in this district and Defendants have a business location in this district. Based on their comparative physical locations and financial statuses, it will be more convenient for Flynn, an individual recently terminated from his job, to litigate the action in this district.

The next factor, "[t]he convenience and availability of the witnesses is perhaps the most important factor to be considered when a court considers a change of venue." *Jackson Nat'l Life Ins. Co. v. Lunt*, No. 3:15-CV-717, 2015 U.S. Dist. LEXIS 166415, at *6-7 (M.D. Pa. Dec. 11, 2015) (transferring the case to the district where the key witnesses and pertinent documentary evidence were heavily concentrated). The witnesses in this case, who are likely to include Flynn's co-workers and supervisors, worked in this district and likely continue to work and/or live in this district. Because Flynn lives in this district, his doctor (medical witness) also likely works and/or lives in this district. This district is clearly more convenient for the witnesses. Also, although compulsory process for witness attendance is available in both forums, it is more practical here and the cost of obtaining witness attendance is lower in this district. This factor therefore weighs against dismissal and/or transfer.

Finally, consideration of the location of books and records is essentially a neutral factor because they could likely be produced in either district. *See Holder v. Suarez*, No. 3:CV-14-1789, 2015 U.S. Dist. LEXIS 38810, at *9 (M.D. Pa. Mar. 25, 2015) (concluding that "the location of books and records is a relevant consideration only to the extent that they could not be produced in the alternative forum, and neither party suggests that these records could not be produced in either forum"). However, the possibility of viewing the workplace, if appropriate, is

only feasible in this district. Overall, the practical considerations would make trial easier, more expeditious, and less expensive in this district.

Consequently, the private-interest factors weigh against dismissal and against transfer.

**2. The public-interest factors weigh against dismissal and/or transfer.**

One of the private interests: the practical considerations that would make trial easier, more expeditious, and less expensive in this district, is also a public interest. For the reasons discussed above, this interest weighs against dismissal and/or transfer.

Next, it is in the public interest to litigate the case in this district because the allegations giving rise to the claims occurred in this district. There is local interest in deciding local controversies at home. Also, jury duty is less of a burden on the residents in this district (the Eastern District of Pennsylvania) because the action arose here, unlike the residents in the Western District of Pennsylvania who have no relation to the litigation.

The following three interests are essentially neutral considerations: (1) the comparative congestion of court dockets in the two forums, which is insignificant; (2) the ability of the federal courts, both of which are in Pennsylvania, to apply Pennsylvania law; and (3) the enforceability of the judgment, by a federal district court in Pennsylvania on a Pennsylvania resident.

In sum, the public interest factors weigh against dismissal and against transfer.

Having balanced the private interests and the public interests, the Court concludes that neither dismissal on *forum non conveniens* grounds nor a transfer under § 1404(a) is warranted. The request to dismiss and/or transfer the case is therefore denied.

### C. The motion to dismiss punitive damages is denied without prejudice as to the ADA claim and granted as to the PHRA claim.

At this early stage of the proceedings, the motion to dismiss the punitive damages claim under the ADA is denied. Reading the facts in the light most favorable to Flynn, the Complaint sufficiently alleges that Defendants knew of Flynn's disability based on the endless negative commentary by his co-workers about his disability and terminated him less than a month later under false pretenses in violation of the ADA. *See Holmes v. Am. Heritage Fed. Credit Union*, No. 18-4418, 2019 U.S. Dist. LEXIS 31015, at *11-12 (E.D. Pa. Feb. 27, 2019) (denying the motion to dismiss the plaintiff's claim of punitive damages for her ADA discrimination claim because she had pled sufficient facts to show that her supervisor was frustrated by the plaintiff's disability and terminated her shortly after requesting time off). The denial is without prejudice to renew, if appropriate, at the summary judgment stage.

The motion to dismiss the punitive damages claim under the PHRA is granted as a matter of law. *See Klein v. Weidner*, 729 F.3d 280, 288 (3d Cir. 2013) (holding that punitive damages are not available under the PHRA (citing *Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998)).

### V. CONCLUSION

The forum selection clause at issue is contained in the Agreement that defines the employment relationship of the parties and specifies the "terms and conditions" of job duties and termination. The clause, specifying a proper venue to "enforce rights hereunder," therefore applies to the terms and conditions of the parties' employment relationship and the termination thereof. The clause applies to the entire Agreement. Therefore, the ADA and PHRA claims, which are dependent on an employment relationship and allege Flynn's wrongful termination, are governed by the clause. Nevertheless, the forum selection clause is permissive, not mandatory, and because there is no dispute that venue is also proper in this district, the motion to

dismiss under Rule 12(b)(3) is denied. After having balanced the private interests and the public interests, the Court concludes that neither dismissal on *forum non conveniens* grounds nor a transfer under § 1404(a) is warranted. Of note, the facts giving rise to the claims occurred in this district and the parties and witnesses are located in this district. For all the reasons discussed herein, litigation in this district is more convenient and in the interests of justice. The motion to dismiss and/or transfer the case is denied. The motion to dismiss the request for punitive damages in the ADA claim is also denied, but without prejudice to renew at a later stage of the proceedings. However, the request for punitive damages in the PHRA claim is dismissed as a matter of law.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge