UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN FLYNN,<br>    Plaintiff,<br><br>v.<br><br>EKIDZCARE, INC. and<br>EPEOPLE HEALTHCARE, INC.,<br>    Defendants | No. 5:18-cv-05282 |

**O P I N I O N**
**Defendants' Motion to Dismiss, ECF No. 14 – Granted**

**Joseph F. Leeson, Jr.**  October 29, 2019
**United States District Judge**

## I.  INTRODUCTION

Plaintiff Stephen Flynn filed the above-captioned action asserting a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. § 955 ("PHRA").  Flynn alleges that his former employers, Defendants eKidz Care, Inc. and ePeople Healthcare, wrongfully terminated him based on his "disability:" a seizure disorder, for which he took medication causing hand tremors.  Defendants move to dismiss the Complaint for failure to state a claim, arguing that Flynn's disorder is not a "disability" under the meaning of the ADA.  For the reasons set forth below, the Complaint is dismissed without prejudice.

## II.  BACKGROUND

The Complaint alleges the following.  Flynn did not disclose his seizure disorder to Defendants when he was hired.  However, immediately after Flynn began working on or about March 13, 2018, at Defendants' Allentown location, his co-workers observed the physical side

effects of his medication. His co-workers repeatedly made comments complaining about his shaking hands and loud typing. Also, Defendants' Office Manager told Flynn almost daily that Defendants did not need anyone in his position. Flynn apologized to his coworkers for his loud typing, explaining that it was due to the medication for his seizure disorder, but the negative commentary did not cease. A few weeks later, on April 9, 2018, Defendants' Human Resources Director advised Flynn that he was being terminated. Defendants purported reasons for his termination, that he "hated his job" and was "actively job searching," were false.

## III. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

The ADA defines "disability" as either (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;"[1] or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).[2] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "The determination of whether an individual is substantially limited in a major life activity must be made 'on a case-by-case basis.'" *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 167 (3d Cir. 2015) (quoting *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999)).

Additionally, there may be cases in which the physical or mental impairment is not disabling, but the treatment for the impairment is disabling. *See Christian v. St. Anthony Med. Ctr.*, 117 F.3d 1051, 1052 (7th Cir. 1997) (using as an example, early stage cancer, which itself may not substantially limit one or major life activities, but the aggressive treatment for the cancer is substantially limiting). For the side effects of medication to constitute a "disability" under the ADA, the medication must be required in the "prudent judgment of the medical profession," and there must be no available alternatives equally efficacious that lack the disabling side effects. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 181-87 (3d Cir. 2010) (citing *Christian*, 117 F.3d at 1051-52).

---

[1] *Eshelman v. Agere Sys.*, 554 F.3d 426, 436-37 (3d Cir. 2009) (explaining that Congress included a "record of" claim to protect individuals who once suffered from a disability, but recovered, from being discriminated against based on their prior condition).

[2] The PHRA contains a substantially similar definition of "handicap or disability." *See* 43 P.S. § 954(p.1); *Salley v. Circuit City Stores*, 160 F.3d 977, 979 (3d Cir. 1998).

The Complaint does not allege that Flynn's seizure disorder qualifies, or ever qualified, as a "disability" under the ADA, nor does it allege that the disorder substantially limits any major life activity. To the contrary, Flynn alleges that his seizure disorder "did not affect his ability to work," and he has not experienced a seizure for approximately three years because of the medication he is taking to manage his seizures. Compl. ¶¶ 10-11, 14, 26, ECF No. 1. The Complaint does allege that the medication causes hand tremors and that he had to type loudly to compensate for the hand tremors. *Id.* ¶ 12-23. However, typing loudly is not a substantial limitation. Also, typing is not a major life activity and there are no allegations that Flynn's hand tremors impacted any other aspect of his life. Accordingly, the allegations do not meet either the first or second definition of a disability.

Although Flynn asserts in his brief in opposition to the Motion to Dismiss that Defendants "regarded him" as disabled, his allegations again fail to meet the definition of "disability" under the ADA. "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). To prevail, Flynn "would have to show that his employer misinterpreted information about his limitations to conclude that he was unable to perform a 'wide range or class of jobs.'" *Keyes v. Catholic Charities of the Archdiocese of Phila.*, 415 F. App'x 405, 410 (3d Cir. 2011); *Amoroso v. Bucks County Court of Common Pleas*, No. 13-0689, 2014 U.S. Dist. LEXIS 41469, at *24-25 (E.D. Pa. Mar. 28, 2014) ("Simply alleging that an employer knew about a disability is not sufficient to demonstrate that the employer regarded the employee as disabled."). He "must show that the employer believed that a major life activity was

substantially limited by the [] impairment." *Popko v. Penn State Milton S. Hershey Med. Ctr.*, No. 1:13-cv-01845, 2014 U.S. Dist. LEXIS 95486, at *16 (M.D. Pa. July 14, 2014). There are no allegations in the Complaint that would support such a finding.

The Motion to Dismiss is granted. Flynn is given leave to amend to include additional specific factual allegations to support his claim. If Flynn files an amended complaint, he is further directed to clarify the nature of his ADA claim. *See* Mem. Law Supp. Mot. Dismiss 1, ECF No. 14-2.

## V. CONCLUSION

Flynn's allegations that he suffered from a seizure disorder and that the medication he took to manage his condition caused hand tremors, such that he had to type loudly, do not satisfy the definition of a "disability" under the ADA or PHRA. The Complaint is dismissed, with leave to amend.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge